■     In the Matter of the Claim of SUSAN JARECKI, as Committee of FRANK JARECKI, an Incompetent, Respondent, against JOHN T. CLARK & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was a longshoreman and was injured January 10, 1951 when he fell 10 feet and suffered a comminuted fracture of portions of the left leg. He was treated in a hospital for this injury; a cast was applied which was removed March 16 and recovery was satisfactory. In May, 1951 he was admitted to a hospital for observation after a police charge of assault on his wife, and his condition was diagnosed as involutional psychosis, paranoid type. He was sent for treatment to a State hospital for the mentally ill. It is undisputed that this mental disease is caused by chang s in hormones or in glandular constituents of the body associated with advancing age. There is strong medical opinion that it cannot be caused or affected by trauma of the kind described in this record. There is medical opinion in the record that the injury in January was a "precipitating factor" in the psychotic condition observed in May. This opinion was based on the assumption of the psychiatric witness that "there was no break with reality" until the accident occurred; and that because he had not been committed to a State hospital before the accident that necessarily "he had to be adjusted", and upon the narrative of a member of his family to the witness that after the accident he acted queerly and became suspicious and abusive. But the history taken at the hospital on his admission for mental illness shows a long prior record of abusive behaviour within his family and prior court appearances; there are other indications in the records of both hospitals that the mental disease had been of long and insidious progress. There are entries in the State hospital record which indicate that the patient had delusional ideas prior to the accident, for example, observations he said he had made some time previously as to his wife's purported drinking coffee in a restaurant with a stranger. The view based upon factual assumptions which are either not clearly shown in the record or are open to various other interpretations, that an injury to the foot was a "precipitating factor" in the development of this type of mental illness is not substantial medical evidence upon which to support the award. It may be that further development of the record by an impartial specialist or by other proof may furnish such evidence; but we are of opinion it is not shown in the record now before us. Award reversed, with costs to appellants against the Workmen's Compensation Board and claim remitted to the board for its further consideration. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.